1 **WO**
2 **NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kee Yazzie and Sadie Yazzie, on behalf of deceased son, David Yazzie,<br><br>Plaintiffs,<br><br>vs.<br><br>Celadon Trucking Services, Inc.; Edward Allen Huffman,<br><br>Defendants. | No. CV-09-8198-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Remand to the Superior Court of the State of Arizona, in and for the County of Navajo. (Dkt. # 9.) For the following reasons, the Court grants Plaintiffs' motion.

**BACKGROUND**

Plaintiffs filed a Complaint against Defendants in Arizona state court, alleging a wrongful death claim for negligent operation of a motor vehicle. The Complaint did not seek a specific dollar amount of damages, but rather sought "[f]or judgement in their favor in amounts to be proved at trial, together with prejudgement interests and costs" and "[f]or such other and further relief that the court deems just and proper." (Dkt. # 1 Ex. 1 at 5-6.)

Defendants removed the action to this Court, alleging jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000. (Dkt. # 1 at 2.) Plaintiffs then filed a Motion to Remand, stating that "the amount in controversy did not exceed the sum

of $75,000 exclusive of interest and costs and that this court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)." (Dkt. # 9 at 1.) This Motion was accompanied by sworn affidavits from both defendants, stating that "at the present time," they do not intend to claim damages in excess of $75,000. (*Id.* at 2.) Additionally, the Motion requested that, in light of Defendants' inappropriate removal, Plaintiffs be awarded costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c). (*Id.* at 4.)

In their Response, Defendants did not object to remand "so long as it is understood that Plaintiffs have asserted, under oath, that they do not collectively seek more than $75,000." (Dkt. # 10 at 1.) Defendants do, however, object to the Plaintiffs' request for fees and costs pursuant to 28 U.S.C. § 1447(c).

**DISCUSSION**

**I.     Plaintiffs' Motion to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

While the parties are apparently diverse, Plaintiffs' sworn affidavits assert that Plaintiffs do not intend to collectively seek more than $75,000. Defendants state they have no objection to remand because the matter in controversy does not exceed $75,000. Since a preponderance of the evidence does not show that the amount in controversy exceeds $75,000, federal subject matter jurisdiction is lacking, and the Plaintiffs' Motion to Remand is granted.

## II. Plaintiffs' Request for Fees and Costs Pursuant to 28 U.S.C. § 1447(c)

Under Section 1447(c), a remand order "may require payment of just costs and any actual expenses, including attorney fees," incurred by the Plaintiff as a result of an improper removal. 28 U.S.C. § 1447(c). However, in the absence of "unusual circumstances," fees and costs may be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). District courts have "wide discretion" in determining whether to award fees and costs under Section 1447(c). *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

Plaintiffs contend that they are entitled to fees and costs because Defendants demonstrated bad faith when they offered no evidence in their Notice of Removal to establish that Plaintiffs' claims exceeded $75,000. While Defendants' Notice of Removal may cite only "information and belief" as the basis for fixing the amount in controversy in excess of $75,000, the lack of explicit evidence does not render their underlying belief objectively unreasonable. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). This is a wrongful death action, and it is not objectively unreasonable to believe that the Plaintiffs would be seeking more than $75,000 in damages for the death of their son. Awarding fees and costs under Section 1447(c) can serve to deter spurious removals, orchestrated to prolong litigation and impose costs on the opposing party, but there is no evidence of improper motive, unreasonable bases for removal, or other "unusual circumstances." *See Martin*, 546 U.S. at 141. Accordingly, the Plaintiffs' request for attorneys' fees and costs is denied.

///
///
///
///
///

**IT IS THEREFORE ORDERED**:

1. Plaintiffs' Motion to Remand (Dkt. # 9) is **GRANTED**. The Clerk of the Court is directed to remand the case to the Navajo County Superior Court.
2. Plaintiffs' request for attorneys' fees and costs (Dkt. # 9) is **DENIED**.

DATED this 2nd day of March, 2010.

_G. Murray Snow_
G. Murray Snow
United States District Judge